Case 4:14-cv-03408   Document 44   Filed in TXSD on 01/29/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAFAEL ACOSTA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civ. A. H-14-3408 |
| | § | |
| OLD NAVY, LLC, et al., | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER

Pending before the Court in the above referenced personal injury suit is Plaintiff Rafael Acosta's ("Acosta's") opposed motion to dismiss this suit without prejudice (instrument #37) to allow him to have more medical treatment and to determine more clearly the damages for injuries suffered in his fall on June 16, 2014.

Defendant Old Navy, LLC opposes dismissal without prejudice because at this stage of the litigation, nearly one and a half years after Acosta filed this action, and after months of discovery, Old Navy has expended significant time, effort, and money and would suffer prejudice beyond "the mere prospect of a second lawsuit" if the motion is granted. *See Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). Old Navy points out the Acosta seeks to conduct additional discovery even though the deadline expired on January 2, 2016.

The Court notes that this case is set for docket call on February 19, 2016, with trial to follow within the next two weeks.

Under Federal Rule of Civil Procedure 41(a)(2), if a defendant has filed an answer, the court may dismiss a case only

"'upon order of the court and upon such terms and conditions as the court deems proper'" in order to prevent unfair prejudice to the opposing party. *In re FEMA Trailer Formaldahyde Products Liability Litig.*, 628 F.3d 157, 162 (5th Cir. 2010), *quoting Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). Such prejudice can occur when the movant seeks to dismiss the case at a late stage of the litigation. *Id.* If the court finds that such prejudice will result, it has considerable discretion either to refuse to dismiss the case without prejudice or to "'craft conditions that will cure the prejudice,'" but those conditions may not be overbroad. *Id.* at 163, *citing Elbaor*, 279 F.3d at 318, 320.

This Court agrees with Old Navy that it would be prejudiced by dismissal without prejudice at this late date in the litigation. The Court observes that Acosta did not move for a continuance, but asked at this late date for a dismissal without prejudice and without giving any indication how long he needs to obtain more treatment and to determine his damages. The Court finds that Acosta initially agreed to the scheduling order and has had sufficient time to develop his case. Accordingly, the Court

ORDERS that the motion (#37) is DENIED.

**SIGNED** at Houston, Texas, this 29th day of January, 2016.

                                        MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE